EMILIO M. GARZA, Circuit Judge,
dissenting:
Because I believe that under Fifth Circuit law, the Texas Lottery Act and administrative rules impose sufficient trust-like duties to render a lottery ticket sales agent a fiduciary for purposes of § 523(a)(4), I dissent.
Contrary to the majority’s assertion that the Act does not “prohibit an agent from spending lottery ticket proceeds on items not related to the lottery,” ante at 341,1 read the Act and administrative rules as providing that the proceeds and unsold tickets (after payment of prizes and commissions) cannot be used for purposes other than payment to the state, ie., for nontrust purposes. See Tex. Gov’t Code § 466.353; 16 Tex. Admin. Code § 401.351. We have held that such a restriction supports a finding that a trust exists for purposes of § 523(a)(4). See Carey Lumber Co. v. Bell, 615 F.2d 370 (5th Cir.1980); Coburn Co. v. Nicholas {In re Nicholas), 956 F.2d 110, 112-13 (5th Cir.1992). Moreover, while the Act and administrative rules do not require every retailer to segregate the trust proceeds, they do impose on retailers a “fiduciary duty to account for lottery proceeds.” 16 Tex. Admin. Code § 401.351. Furthermore, Texas law specifically requires retailers to maintain records of the disposition of tickets, money received from sales of tickets, and prizes awarded by them, see Tex. Gov’t Code § 466.352(b), to file with the Texas Lottery reports of their receipts and transactions, see 16 Tex. Admin. Code § 401.352(b), and keep on the premises accurate and complete records of all transactions with the Commission, see 16 Tex. Admin. Code § 401.363. Again, our case law indicates that these requirements are trust-like duties. See Boyle v. Abilene Lumber (In re Boyle), 819 F.2d 583, 592 (5th Cir.1987); In re Nicholas, 956 F.2d at 112-13 (5th Cir.1992). We have never required the segregation of funds to impose a fiduciary relationship for purposes of § 523(a)(4) and instead have indicated that an obligation to maintain the separate identity of funds— which the Act and rules imposes — is a specific trust duty sufficient to impose such a fiduciary relationship. See Boyle v. Abilene Lumber (In re Boyle), 819 F.2d 583, 592 (5th Cir.1987); In re Nicholas, 956 F.2d at 112-13 (5th Cir.1992).
Although the Seventh Circuit’s Marchian-do case admittedly concerns a lottery statute much like the Texas statute, I believe that the Marchiando court’s analysis of the Illinois lottery statute is inconsistent with our circuit’s case law and, therefore, that any reliance on that case is misplaced. Specifically, I believe that our case law, most notably Carey Lumber, In re Boyle, and In re Nicholas, assigns differing significance than does Marchiando to the various duties imposed by the Texas Lottery Act and administrative rules and, as I have noted, indicates that those duties are sufficiently trust-like to impose a fiduciary relationship under § 523(a)(4). While I find Marchiando persuasive and may have supported the result reached by the majority if we had heard this case with a clean slate in our circuit, because I read our existing precedent as supporting the Commission’s position that the Texas Lottery Act and administrative rales impose a fiduciary obligation for purposes of § 523(a)(4), I respectfully dissent.